Filed May 14, 1895.

———————◆———————

No. 1,452.

NEAL v. POSEY COUNTY.

HIGHWAY.—*Along Bank of Watercourse.— Watercourse Encroaching On.— Relocation.—Statute Construed.*—The statute, sections 6780–6784, R. S. 1894, providing for the relocation of a highway along the bank of a watercourse, when the washing away or falling in of the bank has rendered the highway unsafe, awards damages to the land-owner or occupant only in two instances, viz.: (1) when the fence shall be removed, and (2) when the road shall be changed to the rear of a building.

SAME.—*Damages.—Case not Within Statute.—Complaint Insufficient.— Statute Construed.*—Where the plaintiff's claim or complaint is that owing to the high water of 1892 and 1893 the road or highway entirely washed away and caved into the river, "and that the public and supervisor of said road have moved in upon his lands and taken a strip thirty feet wide and one mile long for a public highway, in place of the highway so washed away as aforesaid," etc., the pleading does not bring the case within the remedy provided by statute, sections 6780–6784, R. S. 1894.

SAME.—*Statute Construed.—Compensation.—Right to Take Property.*— There is nothing in such statute which confers power on the supervisor to take property for road purposes which did not exist before the law was passed, except in the two instances above mentioned, and then full compensation is provided.

SAME.—*Liability of County for Property Taken.*—Before the county can be held liable for land so appropriated, it must be shown that the county, in some way, appropriated or condemned the new road under and by virtue of some statute, or at least the proper officials must so act in the premises as to make the county responsible for their acts.

SAME.—*Statutory Remedy.—Construction.*—If, in such case, a remedy

has not been given, the court is powerless to place it in the statute
by construction.

SAME.—*Constitutional Law.—Just Compensation.*—Such sections of the
statute (6780-6784, R. S. 1894) are not unconstitutional on the
ground that they authorize the taking of property without just com-
pensation.

From the Posey Circuit Court.

*E. M. Spencer*, for appellant.

*W. P. Edson* and *J. W. Henson*, for appellee.

REINHARD, J.—The appellant filed a claim before the
Board of Commissioners of Posey county, against said
county, for damages. The board dismissed the claim,
and the appellant appealed to the circuit court. Here
the appellee filed a demurrer to the complaint, after the
same had been amended. The court sustained the de-
murrer and the appellant excepted.

The only error assigned relates to the ruling of the
court upon the demurrer to the complaint.

The amended complaint is as follows:

"*To the Honorable Board of Commissioners of Posey
County, Indiana:*

"The undersigned, a resident citizen of Posey county,
and State of Indiana, would respectfully show your hon-
ors that he is the owner and in the possession of the follow-
ing described real estate (describing it); that said lands
lie along and abut upon the Ohio river, along the bank
of which and upon his said lands the public highway
known as the Mount Vernon and West Franklin public
road, is now, and for three years past has been located;
that owing to the high water of the years 1892 and 1893
said highway, along the front, as aforesaid, of said lands
entirely washed away and caved into said river, and the
public and supervisor of said road have moved in upon
his said lands and taken a strip thirty feet wide and one
mile long, for a public highway, in place of the highway

so, as aforesaid, washed away, and are now using and enjoying the same for a public highway; that said strip so taken and occupied, as aforesaid, is of the value of one hundred and fifty dollars. Wherefore, the undersigned prays the court to appoint viewers to assess his damages for taking and occupying said land, and for all other and full relief.''

The appellant bases his claim upon the act of March 6, 1865, the first section of which makes it the duty of the township superintendent, when a public highway running along the bank of any stream or watercourse shall, by the falling or washing away of the bank of such stream or watercourse, become unsafe or inconvenient for use as a public highway, to give notice to the owner or occupant of the land over which such road or highway passes, to move his fence back from the bank of such stream or watercourse far enough to admit of the opening and construction of a road at least forty feet wide; and if the owner or occupant of the land should neglect to remove such fence as required by such notice, it is made the duty of such superintendent to call out the hands liable to be worked on the roads in his district and forthwith remove the fence.

The second section of said act provides that if any dwelling or building should stand so near to such stream or watercourse that a sufficient space is not left for such road, then such superintendent may open said road in the rear of such dwelling house or other building.

In the third section it is enacted that when such fence shall be removed or road changed to the rear of buildings, as aforesaid, ''then the owner of such land may file with the board of commissioners of the county where the same is situated, a claim for damages for removing of said fence or the change of such road, and for the use of the ground over which said road shall pass, and, upon

the filing of such claim, it shall be the duty of such board of commissioners to appoint" viewers to assess the damages of the claimant "by reason of the appropriation of his said land for said road and the removal of said fence."

The fourth section relates to the duties of the viewers, and makes it the duty of the board to pay the damages assessed by the viewers, unless the board should deem the assessment too high, in which case it is provided that the board shall appoint reviewers to assess the damages which shall be paid by said board.

The fifth and last section gives any aggrieved claimant a right to demand a review and a new assessment of damages, etc. R. S. 1894, sections 6780–6784 (R. S. 1881, sections 5052–5056).

It will be noted that the statute awards damages to the owner or occupant only in two cases, viz.:

1. When the fence shall be removed.

2. When the road shall be changed to the rear of buildings.

It is only when one or the other of these two acts shall have been performed that the statute authorizes the filing of any claim for damages, and hence, so far as the express letter of the law goes, at least, there can be no claim for damages unless there has been a removal of the fence or road to the rear of a building situate on the banks of a stream or water-course.

It is not averred in the complaint that any fence or fences were moved back, or that the road was relocated in the rear of any building along the stream mentioned. The averment is, as we have shown by the copy of the complaint set forth, that owing to the high water of 1892 and 1893 the road or highway entirely washed away and caved into the river, "and that the public and supervisor of said road have moved in upon his (appellant's) said lands

and taken a strip thirty feet wide and one mile long for a public highway, in place of the highway so as aforesaid washed away,'' etc.

The appellant's counsel insist that a construction of the statute which precludes him from recovering under such circumstances as those disclosed by the complaint is altogether too narrow and unreasonable, as in the event the law were thus construed the public could take and occupy all the land a party may own along a river front for a public highway without any compensation whatever, thus violating the provision of the Constitution of the United States which forbids the taking of property without due process of law, and the provision in the Bill of Rights, being Art. 1, section 66 of the Constitution of Indiana, which ordains that ''no man's property shall be taken by law without just compensation; nor, except in case of the State, without such compensation first assessed and tendered.''

This position of appellant is clearly untenable. It is not claimed that the statute referred to and relied. upon as giving the remedy pursued here is repugnant to the constitutional provisions alluded to. The position is that if the statute in question is not so construed as to include such a case as the appellant's, the construction (not the statute) would be in violation of the constitutional rights of the appellant. To this doctrine we can not subscribe. The Legislature either has or has not given the remedy which the appellant seeks to invoke. If the remedy has been given, that is the end of the controversy. If it has not been given, we are powerless to place it in the statute by construction.

Just how our refusal to give the statute the construction contended for would invade the constitutional rights of the appellant, we are not able to understand. Of course, if the statute, or our construction of the same,

would in some way diminish or impair the property rights of the appellant, or take away some right or privilege which, before its passage, he possessed, the case would be different. But there is nothing in this statute which confers authority on the supervisor or superintendent to take the appellant's property for road purposes, which did not exist before the law was passed, except in the two instances mentioned, and then full compensation is provided. In other words, where a right is taken away, or an additional burden is imposed, a corresponding remedy is given; and where nothing is taken away nothing is given in return.

So far as the present case is concerned, the law, as we view it, leaves the appellant in precisely the same situation in which he would have been had it never been passed. The act complained of and for which damages are asked was not authorized by this statute, and neither was any remedy given by it for such an act. The statute nowhere authorizes the opening and construction of a new road, except where a fence is so situated as to require a removal, and where the dwelling or other building is so near the bank that a sufficient space is not left for such road. In either of these cases a new road may be opened out, for which the owner of the land may claim damages.

It is not averred in the complaint that a fence was moved back or a road relocated back of any building on appellant's land. The statute, therefore, does not cover the appellant's case.

It is not claimed that the appellant's right to recover on the facts set forth in his complaint emanates from any other source than the statute in question. Hence, when we have shown that he can not recover under the statute we have fully met his contention. But we do not think it necessarily follows from this ruling, as appellant con-

tends, that the appellant's property is taken without due process of law or without any remedy for such taking. The appellant might have had the right to enjoin the opening or relocation of the road without a proceeding under section 6742 *et seq.*, R. S. 1894 (R. S. 1881, section 5015 *et seq.*).

Indeed, there is nothing in the complaint which shows that he was not already compensated when the road described in the complaint was originally laid out. R. S. 1894, section 6752 (R. S. 1881, section 5025).

We can not say that, if the road was originally opened under the general statute above cited, the viewers or reviewers did not take into account, in the assessment of damages, the probability of the continuous and imperceptible washing away of said roadway as originally located, and the consequent and relative extension of the roadbed into the land of the appellant. If the original road was established by dedication or user it is presumed that a sufficient consideration inured to the appellant and other land-owners over which the road passed to compensate for the encroachments of the water. At all events, until the Legislature sees proper to provide a remedy for such a case as the appellant presents, we do not feel warranted in holding that a county is liable under such circumstances.

Moreover, the complaint utterly fails to show a relocation of the road under the statute. The mere fact that "the public and supervisor of said road have moved in upon his said lands and taken a strip thirty feet wide and one mile long for a public highway," etc., does not show a relocation or opening of the road as relocated under the statute. Certainly it must be shown that the county in some way appropriated or condemned the new road before the owner can ask any pay for the same. Otherwise the mere trespass of the public on a portion of

the same, in connection with the supervisor, upon the owner's lands, would make the county liable in damages. This can not be the law. The roadway must be opened out under and by virtue of some statute, or at least the proper officials must so act in the premises as to make the county responsible for their acts.

We think the demurrer was correctly sustained.

Judgment affirmed.

Filed May 14, 1895.